```
        IN THE UNITED STATES DISTRICT COURT FOR THE
               SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


PATRICK N. ANDERSON,           :

     Plaintiff,                :

vs.                            :   CIVIL ACTION 04-0058-CG-M

CITY OF PRICHARD               :
(THE BLACK COMMUNITY)
                               :
     Defendant.
```

REPORT AND RECOMMENDATION

This action has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1) due to lack of service of process on Defendant.[1] After review of the complaint and its attachment, and when considered with Plaintiff's other actions dismissed by this Court for lack of subject matter jurisdiction, it is recommended this action be dismissed without prejudice for lack of subject matter jurisdiction.

I.  Nature of Proceedings.

Plaintiff, who is proceeding *pro se*, commenced this action by filing a self-styled complaint and paying the $150.00 filing fee after he was denied leave to proceed *in*

---

[1]Local Rule 72.2(c)(1) provides for the automatic referral of non-dispositive pretrial matters to the Magistrate Judges.

*forma pauperis* (Docs. 3, 6).  Plaintiff has attempted to serve the sole Defendant, City of Prichard (The Black Community), by regular mail instead of by certified mail, return receipt requested.  FED.R.CIV.P. 4(j)(2); ALA.R.CIV.P. 4(c)(8) & (i).  There is no indication this Defendant has been served with process as there is no return receipt in the Court's file, much less a return receipt signed by an appropriate official.  Furthermore, this Defendant has not appeared in this action.

Because Defendant was not served within 120 days of the complaint's filing on January 30, 2004 (Doc. 1), Plaintiff's action is subject to dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, which provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.  This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

This Report and Recommendation is serving as Plaintiff's notice if he elects to show good cause.

The undersigned notes, however, if Plaintiff had made

further attempts to accomplish service of process, he undoubtedly would not have been successful.  The Court is not aware of a Defendant by the name "City of Prichard (the Black Community)" that has the capacity to be sued.  The City of Prichard itself is a suable entity, but a group of the city's citizens identified by race is not a legal entity that is known to the Court.  *Cf. Dean v. Barber,* 951 F.2d 1210, 1214-15 (11th Cir. 1992) (Alabama county's sheriff's department is not a legal entity subject to suit, whereas the sheriff is subject to suit under Alabama law).  For this reason, Plaintiff's action is also due to be dismissed unless he can show otherwise in an objection to the Report and Recommendation.

Notwithstanding the foregoing, the undersigned finds in the present action that Plaintiff filed a complaint (Doc. 1) which is identical to the complaint in *Anderson v. District One (The Black Community),* CV 04-0061-CG-M (S.D. Ala. Apr. 11, 2005), which was dismissed by Chief Judge Granade for lack of subject matter jurisdiction.  The only differences between the two complaints are the Defendants and the amount of damages.

Because a court's subject matter jurisdiction can be examined at any time, and in light of the dismissal of *Anderson v. District One (The Black Community),* CV-04-0061-CG-

M, and the failure to perfect service of process in the present action on Defendant, the undersigned has examined the present complaint to determine if subject matter jurisdiction exists.

II.  Discussion.

A federal court is a court of limited jurisdiction. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994).  A plaintiff invoking a federal court's jurisdiction must establish this jurisdiction in the complaint.  *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (requiring not only must the jurisdictional provision be stated in the complaint, but facts "demonstrating the existence of jurisdiction" must be stated); *Kirkland Masonry, Inc. v. Comm'r*, 614 F.2d 532, 533 (5th Cir. 1980) (same).[2]  Because a court is powerless to act beyond its grant of subject matter jurisdiction, a court is obligated to raise whether it has subject matter jurisdiction at any time during the litigation.  *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).  When a court discovers that it lacks jurisdiction over a case, "the court's sole remaining act is to dismiss the

---

[2]The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (citing *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409-10 (11th Cir. 1999)); *Barnett v. Bailey*, 956 F.2d 1036, 1039 (11th Cir. 1992).

In order to avoid reiterating Plaintiff's factual allegations, the undersigned adopts Chief Judge Granade's opinion in *Anderson v. District One (The Black Community)*, CV-04-0061-CG-M, which is attached hereto, for its findings of fact as well as for its conclusions of law.  Accordingly, the undersigned finds Plaintiff's federal claims in the present action to be "wholly insubstantial and frivolous" as they are only state law claims.  *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 342 (5th Cir.), *cert. denied,* 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978) (finding wholly insubstantial and frivolous claims are insufficient to establish federal question jurisdiction).  Thus, for the same reason stated in Chief Judge Granade's opinion, this Court lacks subject matter jurisdiction over this action.

III.   Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice for lack of subject matter jurisdiction.

APPENDIX

```
       IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF ALABAMA
                 SOUTHERN DIVISION

PATRICK N. ANDERSON,            )
                                )
    Plaintiff,                  )
                                )
v.                              )  CIVIL ACTION NO. 04-0061-CG-
                                   M
                                )
DISTRICT ONE                    )
(THE BLACK COMMUNITY),          )
                                )
    Defendant.
                              ORDER
```

This matter is before the court on the motion of Mr. Frederick D. Richardson, Jr., for limited appearance for purpose of contesting service and to dismiss and brief in support (Docs. 11, 12), plaintiff's opposition thereto and brief in support (Docs. 14, 15) and Mr. Richardson's reply (Doc. 16). The court finds that plaintiff's complaint presents no real or substantial dispute of federal law and that plaintiff's claims are wholly insubstantial and frivolous. Therefore, the motion to dismiss is due to be granted. The court further finds plaintiff's use of inflammatory language in his pleadings intolerable and advises plaintiff that any future filings with this court which contain such language will be stricken.

BACKGROUND

Plaintiff filed this action <u>pro se</u> by submitting two documents which were docketed together as the complaint. (Doc. 1). Plaintiff's complaint includes the following factual allegations:

> Over the course of 45 months July of 2000 to present day District One of Mobile (The Black Community) continue to harass the plaintiff with words like he a homosexual, the plaintiff got fuck in the ass, he have aids, the plaintiff is dying, he is stupid etc., etc. The plaintiff is asking for damaging under 42 U.S.C. Section 1983, Section 1985, Civil Rights Act of 1871, Title Two of the America with Disability Act, and Rehabilitation Act of 1973 ...

(Doc. 1). Plaintiff alleges that under the above-described federal statutes, the "black community" has damaged plaintiff in the following ways: (1) "Chronic Malicious Harassment," (2) "Chronic Malicious Discriminatory Harassment," (3) "Chronic Malicious Hostile Environment Harassment," (4) "Chronic Malicious Same Sex Race Discrimination," (5) "Chronic Malicious Sex Discrimination," (6) "Chronic Malicious Sex Orientation," (7) "Chronic Malicious Invasion of Privacy," (8) "Chronic Malicious Conspiracy," (9) "Chronic Malicious Violations of the 14th Equal Protection of the Law Clause," (10) "Chronic Malicious Violations of Title Two of the America with Disability Act (ADA)," and (11) "Chronic Malicious Violations of 504 Rehabilitation Act of 1973." (Doc. 1).

This action is one of nine actions filed by plaintiff in this court from July 2003 through January 2004 alleging similar claims against various Alabama communities, officials, and related institutions. See <u>Anderson v. City of Mobile</u>, CV-03-464-CG-M; <u>Anderson v. County of Mobile</u>, CV-03-0467-CG-M; <u>Anderson v. Mobile County Health Dept.</u>, CV-03-0593-CG-B; <u>Anderson v. Bishop State Comm. College</u>, CV-03-0595-CG-L; <u>Anderson v. Dow</u>, CV-03-0713-CB-B; <u>Anderson v. Bishop State Comm. College</u>, CV-03-0595-CB-B; <u>Anderson v. City of Prichard</u>, CV-04-0050-CG-M; <u>Anderson v. District Two</u>, CV-04-0060-CG-M.

## DISCUSSION

Mr. Richardson, appearing specially to contest jurisdiction, moves for dismissal based on the following grounds: lack of jurisdiction, insufficiency of process, failure to state a claim upon which relief can be granted; the action is wholly insubstantial and frivolous, and because the putative defendant is not an entity subject to being sued. Mr. Richardson is the Mobile City Councilman elected from Mobile City Council District One.

Judge Butler of this court recently considered a similar motion in plaintiff's action against Michael Dow, the Mayor of Mobile. <u>Anderson v. Michael Dow</u>, CV-03-0713-CB-B.  The

allegations in the Dow case are very similar to the allegations in the instant case. Plaintiff alleged the following in the Dow case:

> "from June 24, 2003 until the date the complaint was filed, October 23, 2003, Michael Dow, who is the mayor of Mobile, Alabama, continually defamed the plaintiff by referring to plaintiff as a "homosexual[,] a quoted-unquoted [ ] queer and/or fag." In addition, plaintiff alleges that Dow "brainwash[ed] the Mobile County citizens [by telling them] that the plaintiff lost his Social Security Disability case which is [still] pending. . . [and by telling them] that [the plaintiff] know[s] this very stupid idiot aka (Gloria brother [sic]) and [that] this idiot is [plaintiff's] best friend . . . without substantial evidence."
>
> Along with these factual allegations, the complaint makes references to various legal citations and propositions. For instance, after setting forth the factual basis for the complaint, the complaint states that "[s]uch obscene speech and fighting words long have no protection under the first amendment;" "[t]he 1st Amendment. . . do [sic] not require a private figure plaintiff to prove actual malice to recover damages for actual injury caused by publication of a defamatory falsehood;" "Michael Dow deprived the plaintiff [sic] 5th Amendment rights in reputation, the security of his reputation or good name from the arts of detraction and slander;" and "deprived the plaintiff [sic] 4th Amendment right to privacy."
>
> Plaintiff concludes his complaint with a summary of the constitutional and statutory grounds for his claim and with a demand for damages. Plaintiff asserts that Dow has violated his rights secured by the First, Fourth, and Fifth Amendments of the United States Constitution and that he is entitled to damages under 42 U.S.C. § 1983. Plaintiff seeks "non-economic compensatory damages" in the amount of $5 million dollars and punitive damages $10 million dollars [sic] for a very actionable prima facie

slanderous defamation per se."

Anderson v. Dow, CV-03-0713-CB-B, Doc. 14, February 26, 2005. This court found that subject matter jurisdiction was lacking in the Dow case. Id. The court reasoned as follows:

> When a complaint seeks recovery under a federal statute, it cannot be dismissed for lack of subject matter jurisdiction unless it is (1) "clearly immaterial and made solely for the purpose of obtaining jurisdiction" or (2) "wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678, 682-83 (1946). Whether a claim falls under the former exception "turns on whether the complaint 'really and substantially' invokes a dispute over federal law." Creel v. City of Atlanta, 399 F.2d 777, 778 (5th Cir. 1968). A claim is "wholly insubstantial and frivolous" if it is obviously without merit or if it is foreclosed by prior Supreme Court decisions. South Park Square, Ltd. v. City of Jackson, 565 F.2d 338, 342 (5th Cir. 1977).
>
> Subject matter jurisdiction is lacking in this case under either of these exceptions. First, there is no real and substantial dispute of federal law. Plaintiff's complaint can be read to assert two state law claims-defamation and invasion of privacy. Plaintiff has attempted to transform these state law claims into federal causes of action simply by adding references to the federal constitution and federal law to his complaint. See Johnston v. Byrd, 354 F.2d 982 (5th Cir. 1965) (federal question merely incidental even though complaint alleged constitutional violations against sheriff). Second, plaintiff's constitutional defamation and invasion of privacy claims are foreclosed by the Supreme Court's decision in Paul v. Davis, 425 U.S. 985 (1976), which
>
>> held that a person's interest in reputation alone, apart from some more tangible interests such as employment," is not a protected liberty interest within the meaning of the due process clause. To

10

> establish a liberty interest sufficient to
> implicate the fourteenth amendment
> safeguards, the individual must be not only
> stigmatized but also stigmatized in
> connection with a denial of a right or
> status previously recognized under state
> law.
>
> Smith v. Siegelman, 322 F.3d 1290, 1296 (11th Cir.
> 2003) (internal citations and quotations omitted).
> [Footnote: While plaintiff has alleged invasion of
> privacy claims under the First, Fourth and Fifth
> Amendments, rather than the Fourteenth Amendment, he
> has asserted no facts to demonstrate that he has
> been deprived of a right protected by any of those
> Amendments.]  Plaintiff's complaint alleges that his
> reputation has been injured as the result of the
> statements allegedly made by defendant Dow. Such a
> claim, standing alone, is not cognizable under
> federal law. [Footnote: It should be noted that of
> the three federal statutes invoked--§ 1981, § 1983
> and § 1985–the only one that even arguably might
> apply is § 1983, which provides redress for the
> violation, committed under color of state law, of a
> constitutional right. As discussed above, the
> complaint does not state a constitutional violation
> and, therefore, is not actionable under § 1983.
> Section 1981 prohibits discrimination in the making
> of contracts which affect interstate commerce, while
> section 1985 prohibits, inter alia, conspiracy to
> deprive a person of civil rights. The facts alleged
> do not involve the making or enforcement of any
> contract, nor do they give rise to any inference of
> a conspiracy.]

Anderson v. Dow, CV-03-0713-CB-B, Doc. 14, February 26, 2005.


The court finds that this court lacks jurisdiction over the instant case for the same reason jurisdiction was lacking in plaintiff's suit against Michael Dow.  Plaintiff's complaint asserts only state law claims against defendant.

There is no real and substantial dispute of federal law and plaintiff's claims are wholly insubstantial and frivolous.  In addition, it does not appear to the court that the defendant, named as "District One (the black community of Mobile)" is a person or entity capable of being sued.  It is merely a designated electoral district, and not a governmental entity capable of being sued. For all of these reasons, individually and cumulatively, this action is due to be dismissed.

The court notes that many, if not all, of plaintiff's pleadings in this and plaintiff's other cases in this court contain inflammatory remarks about the defendants and/or defendants' counsel.  For instance, in the complaint in the instant case, plaintiff thanks "The Black Community" for providing him with "this great opportunity to commence a civil lawsuits" and calls The Black Community  "incredibly dumb and the very stupid idiots."  (Doc. 1).  In his opposition to the motion to dismiss, plaintiff asserts that "not only do [Mr. Richardson and his counsel] need to be sanction[ed] they need to be sent to hell, where Satan the devil rule." (Doc. 15). The court finds the inclusion of such inflammatory statements in court pleadings to be totally  unacceptable, and if plaintiff files any more papers in this court including like language, they will be stricken.

CONCLUSION

For the reasons stated above, motion of Mr. Frederick D. Richardson, Jr., to dismiss (Doc. 11) is GRANTED and this case is hereby DISMISSED.

It is FURTHER ORDERED that Patrick N. Anderson shall cease and desist from filing pleadings in any action in this court which contain unnecessarily abusive, derisive, or invective language.

DONE and ORDERED this 11th day of April, 2005.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE


MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   Objection.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate

Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   <u>Transcript (applicable where proceedings tape recorded)</u>. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 16th day of June, 2005.

<u>s/BERT W. MILLING, JR.</u>
UNITED STATES MAGISTRATE JUDGE